UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 4:98-CR-00174-01 GTE

RODNEY L. EDGERSON

## ORDER

Presently before the Court is Defendant Rodney L. Edgerson's *Pro Se* Motion to Reduce Sentence. Defendant states that the Court has the authority to reduce his sentence, even though it has become final, pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that
> . . .
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant states that the amendments passed by the Sentencing Commission, which went into effect November 1, 2007, reduced the base offense level for his offense.

Rodney Edgerson was charged in a three-count Indictment. Count one charged him with distribution of cocaine base, and counts two and three charged him with distribution of more than

5 grams of cocaine base, all violations of 21 U.S.C. § 841(a)(1).  On April 10, 2000, Mr. Edgerson appeared before the Honorable Henry Woods for a jury trial.  He was found not guilty of count one and guilty of count two.  Count three was a mistrial and dismissed upon motion of the Government.

On November 22, 2000, the undersigned entered judgment in ths case sentencing Defendant to 120 months' imprisonment, five years of supervised release, and a $100 special assessment.  In its Statement of Reasons, the Court adopted the factual findings of the presentence report except for the calculation of the amount of drugs as being 416 grams as noted in paragraphs 5., 7., and 11.  Instead, the Court used the amount of 14.883 grams of cocaine base for calculation purposes for the reasons stated in open court.  Therefore, Defendant had a base offense level of 26, and a Criminal History Category of IV.  This resulted in a range of imprisonment of 92 to 115 months.  However, the Court noted that the statutory minimum was 10 years, and "therefore, the minimum the Court could give the Defendant would be 120 months in prison."

The Court notes that under the Guidelines as amended effective November 1, 2007, Defendant's base offense level would be 24, rather than 26.  However, the Court relied upon the statutory minimum in reaching its decision.  To date, 21 U.S.C. § 841 requires a minimum sentence of 10 years' imprisonment[1] due to Defendant's previous felony drug offense.  Therefore, the Court declines to modify Defendant's sentence.

Accordingly,

---

[1] The Court notes that the maximum is life imprisonment.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Reduce Sentence (Docket No. 92) be, and it is hereby, DENIED.

Dated this 15th day of November, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE